■ RONALD C. HUJUS, Appellant, v V. PAULIUS & ASSOCIATES et al., Defendants, and MARTIN-BROWER CO., Respondent. (And a Third-Party Action.) [833 NYS2d 538]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated June 21, 2005, which granted the motion of the defendant Martin-Brower Co. for summary judgment dismissing the complaint insofar as asserted against it, (2) a judgment of the same court entered July 29, 2005, upon the order, and (3) an amended judgment of the same court dated October 5, 2005, which, upon the order, dismissed the complaint insofar as asserted against the defendant Martin-Brower Co.

Ordered that the appeals from the order and the judgment are dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Martin-Brower Co.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]). The appeal from the judgment must be dismissed as the judgment was superseded by the amended judgment.

After the defendant Martin-Brower Co. (hereinafter the defendant) established its prima facie entitlement to summary judgment, the burden shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact to defeat the defendant's motion (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*). Consequently, the Supreme Court properly granted the defendant's motion for summary judgment and dismissed the complaint insofar as asserted against the defendant. Miller, J.P., Spolzino, Krausman and Dillon, JJ., concur.